```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

MICHAEL W. WATKINS, et al.,   )
                              )
     Plaintiffs,              )
                              )   No: 3:07-0423
          v.                  )   Judge Echols/Bryant
                              )   **Jury Demand**
KAJIMA INTERNATIONAL          )
CORPORATION, et al.,          )
                              )
     Defendants.              )
```

**TO: The Honorable Robert L. Echols**

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned Magistrate Judge for consideration of all pretrial matters and for report and recommendation on dispositive motions (Docket Entry No. 66).

Plaintiffs, proceeding pro se, have filed a 27-page complaint naming as defendants 33 individuals, a corporation, and the State of California (Docket Entry No. 1). Among the individual defendants are a host of California state court judges, public officials and attorneys. This complaint is almost, but not completely, a verbatim copy of the complaint filed in case number 3:06-0197, which was dismissed without prejudice earlier this year for lack of personal jurisdiction and improper venue (Docket Entry Nos. 124 and 125 in case number 3:06-0197).

Many of the defendants have filed motions to dismiss (Docket Entry Nos. 18, 34, 39, 43, 69, 72, 94 and 104). Plaintiffs have amended their complaint to add additional defendants and claims (Docket Entry No. 83), but there are no material differences

between the complaint and the First Amended Complaint with respect to the grounds asserted in the motions to dismiss.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the motions to dismiss be **GRANTED** and that the complaint, as amended, be **DISMISSED** without prejudice for lack of personal jurisdiction over the defendants and for improper venue.

### I. Summary of Facts

The allegations of the complaint and amended complaint are confusing and unclear, but the relevant facts can be summarized as follows. Plaintiffs are father and son. One or both of them claim to be owners of U.S. Patent No. 5,894,704 ("the Patent"). Plaintiffs assert that all of the defendants are participants in a conspiracy to infringe Plaintiffs' rights in the Patent.

All of the individual defendants reside in California. Plaintiffs claim that this case began when Plaintiffs built a house using the patented "concrete wall system" at Alameda and 6th Street in Los Angeles, California. Plaintiffs claim that they were approached by the Belottis and asked to build a house for them in an attempt by the Belottis to "steal the Patent." The Belottis filed a complaint against plaintiffs before the California Contractors State Licensing Board in an attempt to steal the Patent. When this attempt failed, the Belottis conspired with "Kajima representatives" and defendant Thompson, the attorney who represented the senior plaintiff's wife in their pending divorce

2

proceeding, to obtain rights to the Patent through the divorce proceeding.

Plaintiff Michael W. Watkins obtained joint custody of their daughter in the divorce. Thereafter, his wife and her attorney accused him of rape, which led to his losing custody of his daughter. The case was transferred to juvenile court where a succession of judges were assigned and then recused themselves after plaintiffs sued them.

While the divorce/custody proceedings were ongoing, the wife used Michael W. Watkins' credit card to steal $225,000, which prompted him to sue the wife and her attorney in a California state court for credit card fraud. The case was tried in Victorville, California, where Michael W. Watkins had to "face the same crooked judges."

At some point the Belottis filed a petition for bankruptcy in California and the bankruptcy trustee conspired with them to steal the Patent. Also at some point, the California Contractors State Licensing Board held proceedings involving the Plaintiffs. Apparently appeals were taken from some of these proceedings, but the subject of these appeals is unclear.

In summary, plaintiffs claim that defendants have stolen millions of dollars from them. They allege a conspiracy among the defendants to infringe their Patent. Plaintiffs claim that Kajima has used corporate funds to bribe multiple California state judges and other public officials. Plaintiffs allege multiple instances

3

of fraud and corruption, including evidence tampering, falsification of documents, extortion, and acceptance of pay-offs and other forms of criminal obstruction of justice, "all for the purpose of stealing a patent." Plaintiffs claim that the Patent was infringed in Los Angeles, and that "[t]here is a 65 foot high Concrete building where the Patent was used."

Based upon these events, plaintiffs have filed suit against 35 named defendants. According to the complaints, "[a]ll defendants reside in California and the Alien Corporation [presumably Kajima] service of process is in California as well."[1] Plaintiffs allege that they reside in Tennessee.

Plaintiffs assert subject matter jurisdiction of this court based upon diversity of citizenship, 28 U.S.C. § 1332, federal question, 28 U.S.C. § 1331, and patent infringement, 28 U.S.C. § 1338. Plaintiffs assert seven causes of action, including patent infringement, several constitutional violations, and racketeering.

Numerous defendants have filed motions to dismiss. Although grounds for these motions vary, all have raised lack of personal jurisdiction and improper venue.

---

[1] Elsewhere in the complaint Plaintiffs allege that defendant Kajima Corporation is "located in Japan with offices and operation in the United States with service of process in Los Angeles California." In addition, the complaint alleges that "Defendant Hiroaki Hoshino is CEO of U.S. operations for Kajima Corporation in Atlanta Georgia."

## II. Standards of Review

### A. Jurisdiction

The burden of establishing the jurisdiction of the Court rests on the plaintiffs. Third Nat'l Bank v. Wedge Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989); Inter-City Prod. Corp. v. Willey, 149 F.R.D. 563, 570 (M.D. Tenn. 1993). In considering a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court need not hold an evidentiary hearing, but may rely solely on the pleadings, affidavits, and other written submissions of the parties. See Third Nat'l Bank, 882 F.2d at 1089. If the Court proceeds in that manner, the burden on the plaintiffs is relatively slight, as the plaintiffs must make only a *prima facie* showing of jurisdiction, with the Court considering the facts in a light most favorable to the plaintiffs. Id.

### B. Venue

The plaintiffs bear the burden of showing that venue is proper. Gomberg v. Shosid, 2006 WL 1881229 at *9 (E.D. Tenn. 2006). On a motion to dismiss for improper venue, the Court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiffs. Gone to the Beach, LLC v. Choicepoint Serv., 2006 WL 1645046 at *2 (W.D. Tenn. 2006); Audi AG v. Izumi, 204 F.Supp.2d 1014, 1017 (E.D. Mich. 2002).

5

### III. Analysis

#### A. Personal Jurisdiction Over the Defendants

In order for this Court to have personal jurisdiction over the defendants, the plaintiffs must show the defendants have sufficient minimum contacts with Tennessee such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). Minimum contacts exist where the defendants purposefully avail themselves of the privilege of conducting activities within the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Defendants who invoke the benefit and protections of the state's laws "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A court may have either general or specific jurisdiction over a defendant. Fortis Corporate Ins. v. Viken Ship Mgmt., 450 F.3d 214, 218 (6th Cir. 2006). "Specific jurisdiction 'subjects the defendants to suit in the forum state only on claims that arise out of or relate to defendant's contact with the forum.'" Id. (citation omitted). Unlike specific jurisdiction, "[g]eneral jurisdiction is established 'when a defendant has continuous and systematic contacts with the forum state sufficient to justify the

6

state's exercise of judicial power with respect to any and all claims.'" Id. (citation omitted).

In this case, neither the verified complaint nor the First Amended Complaint can be read as suggesting that this Court has either specific or general jurisdiction. All of the individual defendants are described as residents of California. The only defendants who are alleged to have any contact whatsoever with Tennessee are defendant Sherry Thompson, who allegedly "made deals with Kajima in Tennessee and went to meetings here . . . ," and Kajima (Complaint, Docket Entry No. 1, paragraph 71).[2] These vague and nonspecific allegations of "deals" and "meetings" are insufficient to justify this Court's personal jurisdiction over these two defendants much less any of the other defendants. The events about which the plaintiffs complain happened in California. It was in California where the plaintiffs allegedly used the Patent in constructing a house; where the Belottis tried to steal the Patent; where the Belottis persuaded Michael W. Watkins' ex-wife to file for divorce; where the ex-wife allegedly made false accusations of rape that caused Michael W. Watkins to lose custody of his daughter; where the ex-wife and her attorney allegedly stole hundreds of thousands of dollars; where state court judges

---

[2]In support of her Motion to dismiss, Defendant Thompson has filed her declaration in which she states: "I have never been to Tennessee." (Docket Entry No. 41).

7

allegedly made multiple improper rulings in numerous legal proceedings involving plaintiffs; and where the defendants conspired to steal the Patent costing plaintiffs millions of dollars.

In view of all the foregoing factual connections with the State of California, the undersigned Magistrate Judge finds that maintenance of this suit in the Middle District of Tennessee would certainly offend "traditional notions of fair play and substantial justice," International Shoe, 326 U.S. at 316, since none of the defendants can be said to have purposefully availed themselves of the privilege of conducting activities within Tennessee. Accordingly, the undersigned **RECOMMENDS** that the defendants' motions to dismiss for lack of personal jurisdiction be **GRANTED**.

B. Proper Venue

The general venue statute for district courts is codified at 28 U.S.C. § 1391. Since plaintiffs base subject matter jurisdiction on diversity of citizenship, federal question and patent infringement, subsection (b) applies:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which

8

> any defendant may be found, if there is no
> district in which the action may otherwise be
> brought.

Here, clause (1) does not apply because, although virtually all of the defendants allegedly reside in California, at least one, defendant Hoshino, is alleged to reside in Atlanta, Georgia. Similarly, clause (3) is inapplicable because there is another district in which this case could be brought – one or more of the districts in California.

Only clause (2) remains as a possibility for supporting venue in this district. However, it does not appear clearly that any events giving rise to plaintiffs' claims occurred in this district, and it is certain that a "substantial part of the events or omissions giving rise to the claim" did not occur in the Middle District of Tennessee.

Because plaintiffs allege patent infringement, they could seek to establish venue based upon 28 U.S.C. § 1400(b). That statute provides:

> (b) Any civil action for patent infringement
> may be brought in the judicial district where
> the defendant resides, or where the defendant
> has committed acts of infringement and has a
> regular and established place of business.

The first clause of § 1400(b) does not support venue in this district because none of the defendants is alleged to reside in Tennessee, let alone in this district. Likewise, the second clause fails to establish venue in this district. Although the complaint

9

alleges that Kajima has been using the Patent in Los Angeles, California, "and other projects through out (sic) the United States," and that defendant Thompson and Kajima engaged in "meetings" and "agreements" in Tennessee, there is no allegation that either of these defendants had "a regular and established place of business" in this district. To the contrary, the complaint alleges that defendant "Kajima Corporation is located in Japan with offices and operations in the United States with service of process in Los Angeles California." Elsewhere in this complaint, plaintiffs allege that "[d]efendant Hiroaki Hoshino is CEO of U.S. operations for Kajima Corporation in Atlanta Georgia." Accordingly, the allegations in the complaint do not establish venue in this district pursuant to 28 U.S.C. § 1400(b).

Plaintiffs argue that venue exists in this district pursuant to 28 U.S.C. § 1991(d), which states: "An alien may be sued in any district." Even if it were established that Kajima is an "alien" corporation, this says nothing about the other defendants, all of whom are alleged to reside in California. "When an alien and a non-alien are joined as defendants, venue for the entire action is proper in any district where it is correct as to the non-alien defendant." A.D.M. Club Management Systems, Inc. v. Gary Jonas Computing, Ltd., 2006 WL 2689400 at * (D.N.J. 2006), quoting Japan Gas Lighter Ass'n v. Ronson Corp., 257 F.Supp. 219, 255 (D.N.J. 1966). Moreover, section 1391(d) is a venue provision

10

and has no bearing on the question of personal jurisdiction. See

eMag Solutions, LLC v. Toda Kogyo Corp., 2006 WL 3783548 at *1 (N.D. Cal. 2006).

Summarizing, the undersigned finds that, for the foregoing reasons, proper venue for this case does not lie in the Middle District of Tennessee.

### **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motions to dismiss (Docket Entry Nos. 18, 34, 39, 43, 69, 72, 88, 94 and 104 be **GRANTED** on the grounds of lack of personal jurisdiction and improper venue, and that the complaint, as amended, be **DISMISSED** without prejudice as to all defendants.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

11

**ENTERED** this 29th day of October 2007.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge