UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL W. WATKINS, MICHAEL D. WATKINS, <br><br> Plaintiffs, <br><br> v. <br><br> KAJIMA INTERNATIONAL INCORPORATED, *et al.*, <br><br> Defendants. | Case No. 3:07-0423 <br> Judge Echols |

## ORDER

The Court is once again presented with a case filed by Plaintiffs, a father and son, relating to an alleged conspiracy to infringe Plaintiffs' alleged rights in a patent related to a "concrete wall system" which was used on a building at Alameda and 6th Street in Los Angeles, California. An earlier case, <u>Watkins, et al. v. Kajima Int'l Corp.</u>, Case No. 3:06-0197, was dismissed without prejudice for lack of personal jurisdiction over the Defendants and improper venue because, while one of the Plaintiffs was a resident of Tennessee, the vast majority of the Defendants resided in California and the claims arose there. Most of the same Defendants are sued again in this case on virtually identical causes of actions. The Magistrate Judge has issued a Report & Recommendation ("R&R") (Docket Entry No. 111) recommending that Defendants' Motions to Dismiss be granted and this action be dismissed based upon lack of personal jurisdiction and improper venue. Plaintiffs have filed Objections to the R&R (Docket Entry No. 119, 121, 122).

When a party makes timely objections to an R&R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall

1

witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

In this case, Plaintiffs' Objections are primarily based upon the Declaration of Michael W. Watkins ("Watkins"). In his Declaration, Watkins merely states the following:

1. I have proof that Kajima used the patent in Tennessee.

2. I have proof that Kajima made contracts with defendants to use the patent in Tennessee.

(Docket Entry No. 121).

Even accepting these statements as true, the Magistrate Judge properly concluded that maintenance of suit in this Court would offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). As the Magistrate Judge observed, vague and nonspecific allegations are insufficient to justify the Court's personal jurisdiction over Defendants. As the Magistrate Judge also observed:

> The events about which the plaintiffs complain happened in California. It was in California where the plaintiffs allegedly used the Patent in constructing a house; where the Belottis tried to steal the Patent; where the Belottis persuaded Michael W. Watkins' ex-wife to file for divorce; where the ex-wife allegedly made false accusations of rape that caused Michael W. Watkins to lose custody of his daughter; where the ex-wife and her attorney allegedly stole hundreds of thousands of dollars; where state court judges allegedly made multiple improper rulings in numerous legal proceedings involving plaintiffs; and where the defendants conspired to steal the Patent costing plaintiffs millions of dollars.

(Docket Entry No. 111 at 7-8).

Further, Watkins' conclusory statements do nothing to cure the problem of improper venue. The applicable portion of the general venue statute provides that venue is proper in "a judicial

2

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b). The vast majority of events giving rise to this litigation occurred in California, not Tennessee.

Even the more specific venue provision for patent cases does not aid Plaintiffs, Watkins' declaration notwithstanding. Section 1400(b) of Title 28 provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). None of the Defendants are alleged to reside in Tennessee or this district, let alone have a "regular and established place of business" in this district.

In their Objections, Plaintiffs also state that the Court should not dismiss this case because "[t]here is also a motion for a settlement conference." (Docket Entry No. 119 at 2). While Plaintiffs had filed a "Motion to Stay All Proceedings Pending the Outcome of the Settlement Conference" (Docket Entry No. 110), that Motion was denied by the Magistrate Judge who noted that no settlement conference had been set in this case (Docket Entry No. 114). Besides, Defendant Kajima has specifically indicated it "has no desire to participate in a settlement conference of any type with Plaintiffs and believes that such a conference would be a waste of time and resources," (Docket Entry No. 129), and the judicial Defendants likewise feel that a "settlement conference is inappropriate" (Docket Entry No. 125). This Court is not going to refrain from dismissing an improperly filed case based upon Plaintiffs' hope that a settlement conference will prove fruitful, particularly where many of the Defendants have indicated no desire to engage in settlement discussions with Plaintiffs.

3

Based on the foregoing, the R&R (Docket Entry No. 111) is hereby ACCEPTED and APPROVED. Plaintiffs' Objections to the R&R (Docket Entry Nos. 119, 121, 122) are hereby OVERRULED. The Motions to Dismiss filed by Defendants (Docket Entry Nos. 18, 34, 39, 43, 69, 72, 88, 94 and 104) are hereby GRANTED. This case is hereby DISMISSED without prejudice as to all Defendants.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE